## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Select Comfort Corporation and Select Comfort SC Corporation, | Civil No. 12-2899 (DWF/SER) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| John Baxter; Dires, LLC d/b/a Personal Touch Beds and Personal Comfort Beds; Digi Craft Agency, LLC; Direct Commerce, LLC d/b/a Personal Touch Beds; Scott Stenzel; and Craig Miller, | |
| Defendants. | |

This matter came before the Court for a pretrial hearing on November 15-16, 2016.  Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1.      Defendants' Request for Leave to File a Motion for Reconsideration (Doc. No. [334]) is **DENIED**.

2.      Defendants' Motion for Leave to Amend (Doc. No. [333]) is **DENIED**. Defendants' motion is untimely, prejudicial to Plaintiff, and not based on good cause for the relief requested.

3.      Defendants' Motion to Continue Trial Date (Doc. No. [450]) is **MOOT**.

4.      Defendants' Joint Motion to Consolidate Actions (Doc. No. [459]) is

**DENIED**.  However, in the event that the parties waive a jury trial in this action and,

instead, opt for a court trial, the Court is willing to receive evidence that would bear on

both this action and the related declaratory judgment action.

### DEFENDANTS' MOTIONS IN LIMINE

5.      Defendants' Motion in Limine No. 1 For Instruction Regarding Strength of

Plaintiffs' Marks (Doc. No. [339]) is **DENIED**.  The Court will address any concerns

regarding the law on the strength of the marks in its instructions to the jury or in any

limiting instruction in the event the issue comes up prior to the parties resting their

respective cases.

6.      Defendants' Motion in Limine No. 2 to Admit Rappeport Survey (Doc. No.

[342]) is **GRANTED IN PART** and **DENIED IN PART** as follows:  The Court

concludes that the Rappeport Report itself is presumptively inadmissible pursuant to its

Article 4 analysis; however, the facts of the survey are presumptively admissible based

on the Court's Article 4 analysis, assuming that proper foundation for the facts of the

survey are established.

7.      Defendants' Motion in Limine No. 3 to Exclude Documents Containing

Defendants' Internal Communications Regarding Conversations with Consumers (Doc.

No. [345]) is **DENIED**.  Documents containing Defendants' internal communications

regarding conversations with consumers are presumptively admissible whether such

evidence comes in for the truth of the matter or not.  If the evidence comes in for the truth

of the matter asserted, it falls under the state-of-mind exception, Rule 803(3), or as a

Rule 803(6) business record.  If the evidence comes in as non-hearsay, then it is admissible evidence of consumer confusion or knowledge and reaction of the Defendants. Consequently, the Court concludes that this evidence survives its Article 4 analysis.

8.      Defendants' Motion in Limine No. 4 For Instructions Restricting Evidence to Specific Claims (Doc. No. [348]) is premature.  The Court will address this issue as it comes up during trial in the event there is a timely request for limiting instructions regarding proper scope and specific claims.

9.      Defendants' Motion in Limine No. 5 to Establish the Relevancy of Plaintiffs' Trademark Enforcement Actions (Doc. No. [351]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      Assuming proper foundation is laid, evidence of Plaintiffs' cease and desist letters to the Defendants is presumptively admissible.  The Court concludes that this evidence survives its Article 4 analysis.

b.      Any evidence of other litigation or enforcement actions is presumptively inadmissible.  The Court concludes that other litigation or enforcement actions do not survive the Court's Article 4 analysis, including Rule 403.

10.     Defendants' Motion in Limine No. 6 to Bar Plaintiffs' Use of "Incontestable" (Doc. No. [358]) is provisionally **GRANTED** absent further order of the Court based upon the Court's Article 4 analysis, including Rule 403.  Testimony or argument of "incontestability" shall be presumptively inadmissible.  In light of the Court's ruling on the in limine motions, until such time as the Court understands the

specific purpose for which the fact of incontestability is being offered, the Court cannot definitively rule on this motion.

11.    Defendants' Motion in Limine No. 7 to Admit Defendants' Rule 1006 Charts (Doc. No. [365]) is **DENIED** as premature.  The Court will permit a Rule 104 Offer of Proof on the admission of summary charts under Rule 1006.

12.    Defendants' Motion in Limine No. 8 to Exclude Prior Acts of Scott Stenzel (Doc. No. [373]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

> a.    Plaintiffs will not be allowed to submit evidence of or reference bankruptcy, and Plaintiffs' trial exhibit 663 (October 22, 2012 e-mail) is excluded, on Rule 403 grounds.

> b.    All other evidence is presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

13.    Defendants' Motion in Limine No. 9 to Exclude Testimony and Evidence Related to Matressquote or Mattressquote.com (Doc. No. [353]) is **DENIED**.  Such evidence is presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

14.    Defendants' Motion in Limine No. 10 to Exclude Testimony and Evidence Related to Zero Gravity (Doc. No. [357]) is **DENIED**.  Such evidence is presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

15.     Defendants' Motion in Limine No. 11 to Exclude or Limit Reference to Defendants' Use of Pseudonyms (Doc. No. [362]) is **DENIED**.  Such evidence is presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

16.     Defendants' Motion in Limine No. 12 to Exclude Evidence of Liability Insurance (Doc. No. [368]) is **DENIED** as premature.  However, no reference to liability insurance will be permitted unless the "door is opened" and Plaintiffs first approach the Court.

17.     Defendants' Motion in Limine No. 13 to Exclude Testimony of Plaintiffs' Secret Shoppers (Doc. No. [372]) is **DENIED**.  Such evidence is presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

18.     Defendants' Motion in Limine No. 14 to Exclude Expert's Testimony and Report Regarding Surveys Conducted by Others (Doc. No. [377]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.     Assuming proper foundation is laid, the facts of the survey evidence are presumptively admissible.

b.     The expert reports themselves, however, are inadmissible.

19.     Defendants' Motion in Limine No. 15 to Exclude Spreadsheets Identifying Defendants' Allegedly Infringing and/or False Online Advertisements (Doc. No. [381]) is **DENIED**.  Assuming proper foundation is laid, such spreadsheets will be presumptively admissible under the Court's Article 4 analysis, including Rule 403.

20.     Defendants' Motion in Limine No. 16 to Exclude Testimony and Evidence Related to Defendants that have Defaulted (Doc. No. [384]) is **GRANTED**.

21.     Defendants' Motion in Limine No. 17 Regarding the Prior Lawsuit Between Select Comfort and Comfortaire (Doc. No. [387]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.     Facts relating to Baxter's conduct are presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

    b.     Any evidence of or reference to litigation or any resulting settlement is excluded.

22.     Defendants' Motion in Limine No. 18 To Exclude Evidence of Initial Interest Confusion and Evidence Regarding Alleged Confusion Arising From Metatags (Doc. No. [390]) is **DENIED**.  Assuming proper foundation is laid, such evidence is presumptively admissible under the Court's Article 4 analysis, including Rule 403.

## PLAINTIFFS' MOTIONS IN LIMINE

23.     Plaintiffs' Motion in Limine No. 1 Regarding Exclusion of Evidence of Plaintiffs' Purported Unclean Hands (Doc. No. [394]) is **GRANTED**.  Specifically, evidence of Plaintiffs' purchase of keywords and paid advertising through search engines, to the extent that it is characterized as inequitable conduct or evidence of unclean hands is presumptively inadmissible, absent further ruling of the Court.  Such evidence does not survive the Court's Article 4 analysis, including Rule 403.  However, the Court will permit both parties to educate the jury on what search engine optimization or SEO is as

6

background information prohibiting any characterization of this evidence as unclean hands or misconduct, absent further order of the Court.

24.     Plaintiffs' Motion in Limine No. 2 Regarding Admissibility of Selected Groups of Defendants' Consumer Communications and Internal Communications (Doc. No. [397]) is **GRANTED**.  Such evidence is presumptively admissible whether or not such evidence comes in for the truth of the matter asserted.  If the evidence comes in for the truth of the matter asserted, it falls under the state-of-mind exception, Rule 803(3), or as a Rule 803(6) business record.  If the evidence comes in as non-hearsay, then it is admissible evidence of consumer confusion or knowledge and reaction of the Defendants. Consequently, the Court concludes that this evidence survives its Article 4 analysis.

25.     Plaintiffs' Motion in Limine No. 3 Regarding Exclusion of Certain Testimony Related to Comfortaire (Doc. No. [400]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.     Facts relating to Baxter's conduct are presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

    b.     Any evidence of or reference to litigation or any resulting settlement is excluded.

26.     Plaintiffs' Motion in Limine No. 4 Regarding Defendants' "Tricky Marketing" e-mails (Doc. No. [403]) is **GRANTED**.  Pursuant to the Court's Article 4 analysis, including Rule 403, Defendants are precluded from arguing that "tricky marketing" relates to anything but the imagery shown in later iterations of the relevant

e-mail chain.  The Court will respond to any issues regarding an adverse inference instruction at the end of trial.

27.     Plaintiffs' Motion in Limine No. 5 Regarding Exclusion of Rappeport Expert Report (Doc. No. [406]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      Assuming proper foundation is laid, the facts of the survey evidence are presumptively admissible, under the Court's Article 4 analysis, including Rule 403.

b.      The expert reports themselves, however, are inadmissible.

28.     Plaintiffs' Motion in Limine No. 6 Regarding Exclusion of Evidence of Select Comfort's Other Litigations (Doc. No. [409]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      Assuming proper foundation is laid, evidence of Plaintiffs' cease and desist letters to the Defendants is presumptively admissible.  The Court concludes that this evidence survives its Article 4 analysis.

b.      Any evidence of other litigation or enforcement actions is presumptively inadmissible.  The Court concludes that other litigation or enforcement actions do not survive the Court's Article 4 analysis, including Rule 403.

29.     Plaintiffs' Motion in Limine No. 7 Regarding Defendants' USPTO Trademark Application and Third-Party Trademark Applications (Doc. No. [412]) is **GRANTED**.  Such evidence is excluded as it fails on Rule 403 grounds.

8

30.     Plaintiffs' Motion in Limine No. 8 Regarding Exclusion of Mark Kimball as a Trial Witness (Doc. No. [415]) is **GRANTED** unless proper foundation is established showing that Mark Kimball had first-hand knowledge of marketing and advertising.  Consequently, any testimony from Mark Kimball is presumptively inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.  The Court would observe that the issue of whether any of Mr. Kimball's anticipated testimony qualifies as a lay opinion pursuant to Rule 701 is not before the Court.

31.     Plaintiffs' Motion in Limine No. 9 Regarding Exclusion of Certain Testimony of Peter Kent (Doc. No. [419]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.     Peter Kent is prohibited from testifying on the following areas:

- Whether the Sleep Number® mark is generic;

- Whether Number Bed is generic;

- Whether Defendants' advertising causes confusion;

- Whether Defendants' advertising infringes any trademarks;

- Whether Plaintiffs' advertising infringes any trademarks; and

- FTC guidelines and Plaintiffs' compliance with FTC guidelines.

9

These topics and subject areas shall be presumptively inadmissible, absent

further order of the Court.  The Court's decision is based upon its Article 4

and Article 7 analysis, including Rule 702 and Rule 703.

      b.    Peter Kent shall be permitted to testify on the following areas:

- Whether Sleep Number® is famous;

- Consumers' view or treatment of PPC advertisement
  versus organic links; and

- Consumers' intention when searching for branded terms.

Assuming proper foundation is established, evidence relating to these topics

and subject areas shall be presumptively admissible, absent further order of

the Court.  The Court's decision is based upon its Article 4 and Article 7

analysis, including Rule 702 and Rule 703.

32.    Plaintiffs' Motion in Limine No. 10 Regarding Exclusion of Testimony or

Argument of Purported Genericness (Doc. No. [447]) is **GRANTED** absent further order

of the Court based upon the Court's Article 4 analysis, including Rule 403.  Testimony or

argument of genericness shall be presumptively inadmissible.

33.    Plaintiffs' Motion in Limine No. 11 Regarding Exclusion of Unproduced

Documents (Doc. No. [425]) is **GRANTED**.  Documents not produced (either initially or

through supplementation) during discovery in response to Plaintiffs' discovery request

for documents upon which Defendants intended to rely at trial cannot be offered at trial.

34.    Plaintiffs' Motion in Limine No. 12 Regarding Exclusion of Defendants'

Exhibit Nos. 221, 430, and 431 (Doc. No. [428]) is **GRANTED**.  Whether the exhibits

are deemed to be hearsay or non-hearsay, the Court concludes that each fails its Article 4

analysis, including Rule 403.

     35.    The Court respectfully directs the parties to contact the Chambers of

Magistrate Judge Steven E. Rau to set up a settlement conference.


Dated:  December 5, 2016                         s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge