# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Select Comfort Corporation; and
Select Comfort SC Corporation,

                    Plaintiffs,

v.

John Baxter; Dires, LLC d/b/a
Personal Touch Beds and Personal Comfort
Beds; Digi Craft Agency, LLC; Direct
Commerce, LLC d/b/a Personal Touch
Beds; Scott Stenzel; and Craig Miller,

                    Defendants.

Civil No. 12-2899 (DWF/TNL)


**MEMORANDUM
OPINION AND ORDER**

---

Andrew S. Hansen, Esq., Elizabeth A. Patton, Esq., Ellie J. Barragry, Esq., and Randall J. Pattee, Esq., Fox Rothschild LLP, counsel for Plaintiffs**.**

Barbara P. Berens, Esq., Carrie L. Zochert, Esq., Berens & Miller, PA, counsel for Defendant John Baxter.

Cassandra B. Merrick, Esq., Christopher W. Madel, Esq., Jennifer M. Robbins, Esq., Madel PA, counsel for Defendants Dires, LLC, d/b/a Personal Touch Beds and Personal Comfort Beds, Digi Craft Agency, LLC; Direct Commerce, LLC d/b/a Personal Touch Beds, Scott Stenzel, and Craig Miller.

---

# INTRODUCTION

This matter is before the Court on a Motion for Partial Summary Judgment filed

by Plaintiff Select Comfort Corporation ("Sleep Number")[1] (Doc. No. 742), a Motion for

---

[1]     Select Comfort Corporation changed its named to Sleep Number Corporation.  For ease of reference, the Court refers to Sleep Number and both plaintiffs as "Plaintiffs" or "Sleep Number."

Partial Summary Judgment filed by Defendants John Baxter, Dires, LLC, Craig Miller, and Scott Stenzel ("Defendants") (Doc. No. 748), and a Motion for Permanent Injunction brought by Defendants (Doc. No. 754).  For the reasons discussed below, the Court denies all three motions.

## BACKGROUND

The factual and procedural background of this litigation is extensively set forth in prior orders and will not be repeated in full here.

Plaintiffs manufacture and sell adjustable air beds and related products marketed under the "Sleep Number" brand.  Plaintiffs sell their products online, over the phone, and through company-owned stores.  Plaintiffs' registered trademarks include SLEEP NUMBER, WHAT'S YOUR SLEEP NUMBER, SELECT COMFORT, and COMFORTAIRE.  Defendants also sell adjustable air beds and market their products under the "Personal Touch" and "Personal Comfort" brands.  Defendants sell these products online and over the phone.  Defendants are not authorized retailers, distributors, or sellers of Sleep Number products.

Plaintiffs initiated this lawsuit in 2012, asserting claims against Defendants for trademark infringement, trademark dilution, false advertising, unfair competition, and related state-law claims.  (*See* Doc. No. 53, Second Amended Complaint ("SAC").)  Defendants filed a counterclaim seeking a declaration that Sleep Number does not have trademark rights in the phrase NUMBER BED.  (Doc. No. 60 ¶¶ 9-19.)  In short, Plaintiffs allege that Defendants use Plaintiffs' trademarks or confusingly similar

2

variations thereof, including variations that include the phrase "Number Bed"[2], in various methods of online advertising to "bait and switch" consumers by diverting consumers searching for Plaintiffs' products to Defendants' own website and phone lines.  Such online advertising includes pay per click ("PPC"), organic search, and display.  Plaintiffs further assert that Defendants exploit initial confusion caused by Defendants' advertisements by failing to dispel confusion or making false representations when customers contact Defendants' call centers.

In 2015, the parties filed cross-motions for summary judgment.  In a 2016 order, the Court denied Plaintiffs' motion for summary judgment on the issue of pre-sale, initial-interest confusion and granted Defendants' motion on the same, concluding that Plaintiffs would have to show a likelihood of confusion at the time of purchase to prevail on their trademark infringement claim.  (Doc. No. 270 at 26.)  In so holding, the Court noted that in *Sensient Technologies Corp. v. SensoryEffects Flavor Co.*, 613 F.3d 754 (8th Cir. 2010), the Eighth Circuit neither expressly adopted nor rejected the initial-interest confusion theory but had declined to apply it in a case involving sophisticated consumers.  (*Id*. at 25.)  The Court then found that retail purchasers of mattresses were sophisticated consumers and that a theory of initial-interest confusion would not apply. (*Id*.)  The Court also concluded that fact issues precluded summary judgment on the issue of trademark infringement, leaving that question to the jury.  (*Id*. at 31.)  Similarly, the

---

[2]     The Court refers to Defendants' advertising that contains the phrase "Number Bed" as "Number Bed Advertising."

Court determined that Defendants' NUMBER BED counterclaim should be determined by the jury.  (*Id*. at 21.)[3]

The case went to trial in September and October 2017.  At trial, evidence showed, among other things, that Defendants used PPC online advertising, whereby they purchased keywords and search terms identical to Plaintiffs' trademarks (i.e., "Sleep Number") and variants thereof so that Defendants' advertisements are displayed to consumers searching for those terms.  Specifically, after such a search, Defendants' PPC advertising containing Plaintiffs' trademarks or variations of the marks would appear. For example, resulting advertisements displayed include: "**Sleep** 55% Off **Number Beds**"; "**Number** Bed **Sleep** Sale 60% -Closeout Sale"; "**Sleep** 60% Off **Number Sale** | PersonalComfortBed.com"; "**Sleep** 50% Off **Number** Beds"; and links to personalcomfortbed.com/vSleepNumber.  Plaintiffs also introduced survey evidence showing actual confusion and instances of actual confusion via call-center recordings or transcripts from call-center interactions and messages.  Defendants submitted evidence to challenge the strength of Plaintiffs' marks and argued that their keyword advertisements in search engine results offered comparisons to Plaintiffs' products and were not confusing.  The parties offered different perspectives on the evidence with respect to the remaining factors to be considered in the likelihood of confusion analysis, *see, e.g.*, *SquirtCo v. Seven-Up Co.*, 628 F.2d 1086 (8th Cir. 1980), and other issues in case.

The Court provided the jury with instructions.  The jury instructions reflected the Court's ruling on initial-interest confusion:

---

[3]     The Court made additional rulings that are not pertinent to the pending motions.

**PLAINTIFFS' CLAIM OF TRADEMARK INFRINGEMENT**

Plaintiffs claim that Defendants' advertising constitutes trademark infringement.  Plaintiffs have the burden of proving infringement by a preponderance of the evidence.

The Lanham Act recognizes a cause of action for infringement of a federally registered mark where use of a mark is likely to cause confusion, mistake, or deception.  To establish trademark infringement, the owner of a trademark must demonstrate that the defendant's alleged infringing was likely to cause confusion among consumers regarding the origin, sponsorship, affiliation or approval of the defendant's product.

For their claims that Defendants infringed their trademarks, Plaintiffs must prove by a preponderance of the evidence that Defendants used Plaintiffs' trademarks or a similar word or phrase in connection with a product and that use is likely to cause confusion as to the origin, sponsorship, affiliation or approval of the product.  The core element of trademark infringement is whether Defendants' use of a term creates a likelihood that the consuming public will be confused.  Plaintiffs must prove that a likelihood of confusion is probable, not merely possible.

**LIKELIHOOD OF CONFUSION FACTORS**

In determining whether there is a likelihood of confusion at the time of purchase, you may consider the following six factors:

1.　the strength of the trademark;
2.　the similarity between Plaintiffs' trademark and the allegedly infringing term or terms;
3.　the degree to which the allegedly infringing product competes with Plaintiff's products;
4.　whether Defendants intended to confuse the public;
5.　the degree of care reasonably expected of potential customers and the type of product, its cost, and conditions of purchase; and
6.　evidence, if any, of actual confusion.

However, no one factor should control the outcome of your analysis. The factors guide the analysis, but the ultimate determination of whether confusion at the time of purchase is likely is not to be mechanically determined through rigid application of the factors.  The ultimate inquiry always is whether, considering all of the circumstances, a likelihood exists that consumers, at the time they are purchasing Defendants' product, will

be confused.  The factors are useful only to the extent they answer the ultimate question.

The question to be answered is whether an appreciable number of relevant consumers are likely to be confused.

*Plaintiffs must prove a likelihood of confusion at the time of purchase.  Your analysis of whether Plaintiffs have established likelihood of confusion at the time of purchase must occur in a context that recognizes how consumers encounter the products and how carefully consumers are likely to scrutinize the words at issue.*

If you find by a preponderance of the evidence that Plaintiffs have proved a likelihood of confusion at the time of purchase, then and only then may you find Defendants liable for trademark infringement.  You will then consider the question of damages under separate instructions.

## UNFAIR COMPETITION

Plaintiffs claim that Defendants' use of the phrase NUMBER BED in advertising constitutes unfair competition under § 43(a) of the Lanham Act.  Your verdict must be for Plaintiffs and against Defendants if all of the following elements have been proved by a preponderance of the evidence:

1.  That the public recognizes NUMBER BED in connection with the sale of Plaintiffs' products as identifying Plaintiffs' products and distinguishing the products from those of others; and

2.  That such recognition has occurred before the defendant entered the market in which the Plaintiffs sell their products; and

3.  Defendants' use of NUMBER BED in connection with its products is likely to cause confusion about the source of the products among persons using ordinary care and prudence *in the purchase of the products; and*

4.  Plaintiffs have been or are likely to be injured by Defendants' use.

*You may consider the factors identified in the instruction on likelihood of confusion with respect to Plaintiffs' Trademark Infringement in addressing this claim.*

If the elements above are fulfilled, you should find for Plaintiffs on this claim regardless of whether NUMBER BED is a registered mark or even registerable.  Even phrases that cannot be registered trademarks because they are generic (or for any other reason) may form the basis of an unfair competition claim where the phrase in question is so associated with the plaintiff's goods that the use of the same or similar marks by another company constitutes a representation that its goods came from the same source.  The key to finding unfair competition is a determination that the materials used by the defendant created a likelihood of confusion, deception, or mistake on the part of the consuming public.  If you find that the elements are not met, you should find for Defendants.

(Doc. No. 568 ("Jury Instructions") at 14-16 (emphasis added), 28-29 (emphasis added).)

The jury returned a verdict, making the following relevant findings:

**Trademark Infringement:**  Defendants did not infringe Select Comfort's trademark rights in SLEEP NUMBER, WHAT'S YOUR SLEEP NUMBER?, SELECT COMFORT, or COMFORTAIRE.  (Doc. No. 575 ("Special Verdict") at 2-3.)

**Unfair Competition:**  Defendants' use of NUMBER BED did not constitute unfair competition.  (*Id*. at 8.)[4]

**Counterclaim:**  In considering Defendants' Counterclaim, the jury determined that Select Comfort does *not* have trademark rights in NUMBER BED.  (*Id*. at 64.)

The parties submitted post-trial motions, which the Court denied.  Final judgment was entered on December 16, 2018.  (Doc. Nos. 702-03.)

---

[4]     In addition, regarding dilution, the jury found that the SLEEP NUMBER mark is famous, but also that Defendants had not diluted the mark.  With respect to Plaintiffs' false advertising claims, the jury found in favor of Plaintiffs on seven of the asserted fifteen statements.  Finally, the jury awarded Plaintiffs $155,721 in damages on the false advertising claims based on a wrongful benefit received.

The parties appealed several issues to the Eighth Circuit Court of Appeals, the primary issue being the Court's application of the initial-interest doctrine.[5]  *See Select Comfort Corp. v. Baxter*, 996 F.3d 925 (8th Cir. 2021).  The Eighth Circuit addressed the open issue of initial-interest confusion and held that "a theory of initial-interest confusion may apply in our circuit."  *Id*. at 935.  The Court acknowledged that "per *Sensient*, the theory of initial-interest confusion cannot apply . . . where the relevant average consumers are sophisticated at the level of the careful professional purchasers who were at issue in *Sensient*" and noted that "a finding of consumer sophistication typically will rest with the jury."  *Id*. at 936.  The Eighth Circuit then explained that it is inappropriate to cabin the likelihood of confusion analysis to any one point in time and that authority is mixed regarding consumer confusion in the context of internet shopping and mattress purchases, making it appropriate for the jury to determine the level of consumer sophistication.  *Id*. at 936-37.  Thus, the Eighth Circuit concluded that a jury question existed as to the issue of consumer sophistication and that summary judgment on the

---

[5]     Plaintiffs appealed the Court's summary judgment decision and the jury's verdict on trademark infringement and unfair competition, arguing that the Court's decision on pre-sale confusion was incorrect.  *See Select Comfort Corp.*, 996 F.3d at 932.  Plaintiffs also appealed the Court's jury instructions, arguing that the Court misapplied the burden of proof on Defendants' cross claim seeking a declaration that Plaintiffs held no trademark rights in NUMBER BED.  *Id*. at 941.  Plaintiffs renewed their arguments in support of their motion as a matter of law on the false advertising claims as to certain statements for which Plaintiffs argued that Defendants admitted literal falsity.  Defendants challenged the jury instructions on the false advertising claims, arguing that the instructions improperly shifted the burden of proof by applying an erroneous presumption as to the elements of the false advertising claims.  Other issues on appeal included the admission of expert testimony regarding survey evidence, the use of a trial exhibit of an adjustable airbed, and the refusal to permit amendment of Defendants' counterclaim.

theory of initial-interest confusion was in error.[6]  The Eighth Circuit then remanded the trademark infringement claim for proceedings consistent with its opinion, while making "no comment as to how a finding of confusion at times other than the moment of purchase might affect the analysis of remedies and the determination of damages."  *Id*. at 938.

Next, the Eighth Circuit held that the Court correctly placed the burden of proof on Defendants' cross claim seeking a declaration that Plaintiffs held no trademark rights in NUMBER BED on Plaintiffs.  *Id*. at 941.  And while not pertinent to the present motions, the Eighth Circuit concluded that it was error to instruct the jury on the false advertising claims in a manner that shifted the burden of proof on the materiality element based on a finding of literal falsity and reversed and remanded for a new trial the seven false advertising claims on which Plaintiffs prevailed.  *Id*. at 940.  In conclusion, the Eighth Circuit stated:

> We reverse and vacate the judgment as to the infringement and false advertising claims.  We leave undisturbed those portions of the judgment dealing with the dilution claims and the alleged "NUMBER BED" trademark.  We otherwise remand for further proceedings consistent with this opinion.

*Id.* at 942.

## DISCUSSION

The parties have filed cross-motions for partial summary judgment.  Plaintiffs move for summary judgment on the trademark infringement claim, arguing that in light

---

[6]    Similarly, the Eighth Circuit concluded that the corresponding jury instruction on initial-interest confusion was in error.

of the SLEEP NUMBER mark's undisputed fame and the Eighth Circuit's adoption of

the initial-interest doctrine, coupled with the evidence of confusion submitted at trial, no

triable fact issues exist as to the validity and distinctiveness of the mark or whether the

relevant factors weigh in favor of the issue of likelihood of confusion.  Defendants also

move for summary judgment on the remanded trademark infringement claim, arguing the

opposite—that no genuine issue of material fact exists to support the claim that

Defendants have infringed any trademark rights belonging to Plaintiffs.  In addition,

Defendants argue that any part of the trademarking infringement claim that related to

"NUMBER BED" should be dismissed, and to the extent that the unfair competition

claim has been remanded, it should also be dismissed.  Separately, Defendants move for a

permanent injunction.  The Court addresses the motions below.

## I.      Summary Judgment

Summary judgment is appropriate if the "movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  Courts must view the evidence and all reasonable inferences in the

light most favorable to the nonmoving party.  *Weitz Co. v. Lloyd's of London*, 574 F.3d

885, 892 (8th Cir. 2009).  However, "[s]ummary judgment procedure is properly

regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive

determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)

(quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### A.      Trademark Infringement

To assess the likelihood of confusion as required for a showing of infringement, a list of nonexclusive factors is considered in determining whether the relevant average consumers for a product or service are likely to be confused as to the source of a product or service or as to an affiliation between sources based on a defendant's use.  *See Anheuser-Busch, Inc. v. Balducci Publ'ns*, 28 F.3d 769, 774 (8th Cir. 1994).  The factors include:  (1) the strength of the owner's mark; (2) the similarity of the owner's mark and the alleged infringer's mark; (3) the degree to which the products compete with each other; (4) the alleged infringer's intent to "pass off" its goods as those of the trademark owner; (5) incidents of actual confusion; and (6) the type of product, its costs and conditions of purchase.  *SquirtCo*, 628 F.2d at 1091.  "Under *SquirtCo*, no one factor controls, and because the inquiry is inherently case-specific, different factors may be entitled to more weight in different cases."  *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1009 (8th Cir. 2011).

Evidence of actual confusion is strong proof of a likelihood of confusion. *See Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 602 (8th Cir. 1999).

Plaintiffs move for summary judgment on the liability portion of its trademark infringement claim based on Defendants' use of the SLEEP NUMBER mark (which is famous and incontestable), including Defendants' use of the phrase NUMBER BED. Plaintiffs argue that Defendants' use of their exact marks, as well as their use of NUMBER BED and other terms confusingly similar to SLEEP NUMBER, establishes infringement as a matter of law. In particular, and in light of the Eighth Circuit's adoption of initial-interest confusion, Plaintiffs argue that this issue is ripe for adjudication and that Defendants' strategy to create confusion among potential buyers through misleading advertising satisfies the likelihood of confusion standard on summary judgment. In support, Plaintiffs submit that evidence of Defendants' use of the SLEEP NUMBER mark, as well as other words and phrases similar enough to cause confusion (including the phrase NUMBER BED), plus evidence of actual confusion, is overwhelming and conclusive of likelihood of confusion, and further that the remaining *SquirtCo* factors support a finding of a likelihood of confusion. In this vein, Plaintiffs maintain that the evidence shows that the SLEEP NUMBER mark is strong, that there is a high level of similarity between SLEEP NUMBER and Defendants' use of those words or variations thereof, that the parties' products directly compete, and that Defendants intended to, and did, cause confusion.

Defendants oppose Plaintiffs' motion and move separately for summary judgment in their favor, arguing that the scope of the remand permits the Court to rule on the

initial-interest confusion on summary judgment and that they are entitled to judgment in

their favor on the trademark infringement claim.  Defendants submit that there is no

genuine issue of material fact to support Plaintiffs' claim that Defendants have infringed

their trademark rights.  In support, Defendants maintain that all of the evidence necessary

for a factfinder to consider trademark infringement based on initial-interest confusion

was before the jury in the first trial, as the Court did not limit the introduction of such

evidence, and that Plaintiffs did, indeed, introduce evidence of earlier confusion.

Defendants argue that because the jury already heard this evidence and was instructed to

consider all of the *SquirtCo* factors, including consumer sophistication, the Court should

accept the jury's conclusion of non-infringement on the remanded trademark

infringement claim.  Even considering the Eighth Circuit's decision on initial-interest

confusion, Defendants argue that the jury instructions were carefully crafted so that the

jury would consider the entire purchasing context and did not instruct the jury that a sale

must be completed for confusion to be actionable.[7]

After careful consideration of the parties' arguments, the Court denies both

parties' motions as to Plaintiffs' trademark infringement claim.  While Defendants are

correct that the jury was instructed to consider all of the *SquirtCo* factors, the Eighth

Circuit determined that it was error to limit the infringement instruction to require

confusion at the time of purchase.  In addition, the Eighth Circuit noted that the "jury

---

[7]     Defendants also argue that any part of the trademark infringement claim that relates to NUMBER BED should be dismissed based on the jury's determination that Plaintiffs have "no trademark rights" in the phrase NUMBER BED.  The Court addresses this argument in § I.B. below.

rejected the trademark infringement claims as to the registered trademarks based on the

jury instruction that limited the possibility of a likelihood of confusion to the time of

purchase." *Select Comfort Corp.*, 966 F.3d at 932.  The evidence presented in the first

trial and in the record on the present motions, does not entitle either party to summary

judgment on Plaintiffs' trademark infringement claim, as fact issues remain and it will be

up to the jury to weigh the evidence with respect to all of the relevant factors with an

instruction allowing for initial-interest confusion.  This claim remains appropriately

decided by a jury.

### B.    NUMBER BED

Defendants argue that because the jury found, and the Eighth Circuit affirmed, that

Plaintiffs do not own trademark rights in the phrase NUMBER BED, they are entitled to

summary judgment on Plaintiffs' trademark infringement claim to the extent that any

portion of the claim relies on Defendants' use of the term NUMBER BED.  In short,

Defendants submit that because the jury found that Plaintiffs do not have trademark

rights in NUMBER BED, Plaintiffs cannot assert a trademark claim based on the use of

that phrase.  Defendants argue that the Eighth Circuit not only foreclosed any argument

that NUMBER BED is a protectable trademark, but also any argument that Defendants'

use of the words NUMBER BED is likely to cause confusion with any of Plaintiffs'

marks, including the SLEEP NUMBER mark.

Plaintiffs argue that the Eighth Circuit's decision with respect to the Defendants'

counterclaim did not affect the separate trademark infringement ruling.  Plaintiffs

underscore that the Eighth Circuit, after reversing the judgment in part, only "[left]

undisturbed those portions of the judgment dealing with . . . the alleged 'NUMBER BED' trademark." *Id*. at 942.  Plaintiffs contend that the issue of the NUMBER BED trademark relates exclusively to Defendants' counterclaim seeking a declaration that Plaintiffs do not have trademark rights in that phrase.  Plaintiffs maintain that if the Eighth Circuit had intended for its holding on the NUMBER BED trademark to undermine Plaintiffs' separate, affirmative claim for trademark infringement based on its trademark rights in the SLEEP NUMBER mark, it would have noted that or explicitly found the error on initial-interest confusion to be harmless.

On this point, the Court agrees with Plaintiffs.  After the jury returned a verdict finding that Defendants did not infringe Plaintiffs' trademark rights, the Eighth Circuit reversed and vacated the jury verdict.  The Eighth Circuit further concluded that "given the strength of the Plaintiffs' evidence on the issue of confusion, we cannot conclude that the summary judgment and instructional errors were harmless." *Id.* at 938.  And while the Eighth Circuit made "no comment as to how a finding of confusion at times other than the moment of purchase might affect the analysis of remedies and the determination of damages," it is apparent that fact issues remain and a new trial is warranted.  The new trial will task the jury with determining whether Defendants' use of Plaintiffs' trademarks—or phrases that are confusingly similar to such trademarks—is likely to cause confusion.  This determination will be made with the aid of jury instructions that permit the application of pre-sale, initial-interest confusion.  Here, Plaintiffs' have asserted an affirmative trademark infringement claim based on their rights in the SLEEP NUMBER trademark.  Defendants' use of phrases found to be confusingly similar to the

SLEEP NUMBER trademark, including words used in Number Bed Advertising, is a

remaining question in this case.[8]  The issue resolved with respect to Defendants'

counterclaim was whether Plaintiffs had trademark rights in NUMBER BED, not whether

any use of the words NUMBER BED in advertising infringed other trademarks, namely

the SLEEP NUMBER trademark.  Accordingly, the Court denies Defendants' motion for

summary judgment on the trademark infringement claim.

### C.    Unfair Competition

Defendants argue that the unfair competition claim is not part of the remand

because the claim was specific to Plaintiffs' claim of rights in NUMBER BED and, as

such, was undisturbed by the Eighth Circuit's order.  Alternatively, Defendants argue that

to the extent that Plaintiffs' unfair competition claim has been remanded, it should be

dismissed based on the finding that Plaintiffs do not own trademark rights in the phrase

NUMBER BED.

The jury considered whether Defendants' use of the phrase NUMBER BED in

advertising constitutes unfair competition.  This claim was governed by the instructions

related to unfair competition, which read in part:

> Your verdict must be for Plaintiffs and against Defendants if all of
> the following elements have been proved by a preponderance of the
> evidence:

---

[8]    For example, as noted by the Eighth Circuit, Plaintiffs presented evidence that
showed Defendants had used phrases similar to Plaintiffs' trademarks (i.e., "Sleep 55%
Off Number Beds") in online advertisements, including uses of NUMBER BED.
Whether or not these uses in combination with other terms constitutes infringement will
be up to the jury.

1. That the public recognizes NUMBER BED in connection with the sale of Plaintiffs' products as identifying Plaintiffs' products and distinguishing the products from those of others; and

2. That such recognition has occurred before the defendant entered the market in which the Plaintiffs sell their products; and

3. Defendants' use of NUMBER BED in connection with its products is likely to cause confusion about the source of the products among persons using ordinary care and *prudence in the purchase of the products*; and

4. Plaintiffs have been or are likely to be injured by Defendants' use.

*You may consider the factors identified in the instruction on likelihood of confusion with respect to Plaintiffs' Trademark Infringement in addressing this claim.*

If the elements above are fulfilled, you should find for Plaintiffs on this claim regardless of whether NUMBER BED is a registered mark or even registerable. Even phrases that cannot be registered trademarks because they are generic (or for any other reason) may form the basis of an unfair competition claim where the phrase in question is so associated with the plaintiff's goods that the use of the same or similar marks by another company constitutes a representation that its goods came from the same source. . . .

(Doc. No. 568 at 28-29 (emphasis added).)

After being so instructed, the jury determined that Defendants' use of NUMBER BED did not constitute unfair competition.

As discussed above, the Eighth Circuit confirmed the application of pre-sale, initial-interest confusion and remanded Plaintiffs' trademark infringement claim. While not explicitly stated, Plaintiffs' unfair competition claim was necessarily remanded. On the issue of unfair competition, the jury was instructed to determine whether Defendants' *use* of NUMBER BED was likely to cause confusion considering the factors identified in

17

trademark instructions—which contained the requirement that confusion occur at the time of purchase.  Further, the unfair competition instruction stated that any likelihood of confusion would have to occur "in the purchase of products."  Further, the jury was instructed that "even phrases that cannot be registered trademarks because they are generic (or for any other reason) may form the basis of an unfair competition claim where the phrase in question is so associated with the plaintiff's goods that the use of the same or similar marks by another company constitutes a representation that its goods came from the same source."  In light of these instructions, and because the Eighth Circuit determined that a likelihood of confusion can be found in pre-sale, initial-interest confusion—which is relevant to both the trademark infringement and unfair competition claims—the unfair competition claim was necessarily vacated and remanded.

Further, the Court again notes that the issue of Defendants' use of the phrase NUMBER BED is separate and distinct from whether Plaintiffs have trademark rights in NUMBER BED.  While it has been determined that Plaintiffs do not have trademark rights in NUMBER BED, whether Defendants' use of the phrase in a way that is confusingly similar to Plaintiffs' marks and advertisements remains an open question. This is consistent with the Eighth Circuit leaving undisturbed the portion of the judgment dealing with the alleged NUMBER BED *trademark*—namely, the portion relating to Defendants' counterclaim seeking a declaration that Plaintiffs did not have trademark rights in the phrase NUMBER BED.  Conversely, Plaintiffs' trademark infringement claim has been remanded and will again be put before the jury.  That claim encompasses allegations that Defendants used advertisements with phrases that are confusingly similar

18

to its SLEEP NUMBER mark, including phrases containing the words NUMBER BED. The fact that Plaintiffs do not have trademark rights in the phrase NUMBER BED does not preclude a finding that Defendants' use of that term is confusingly similar to the SLEEP NUMBER mark. The jury will be instructed to consider all relevant factors in making such a determination, including evidence of initial-interest confusion and evidence of actual confusion.

Accordingly, the Court denies Defendants' motion on the unfair competition claim.

## II.   Permanent Injunction

Defendants move for a permanent injunction seeking a declaration that Sleep Number does not own rights in the mark NUMBER BED and enjoining Sleep Number from asserting that it owns rights in NUMBER BED or that Dires or any third parties' use of the mark NUMBER BED causes a likelihood of confusion with or otherwise infringes on Plaintiffs' marks. Defendants argue that the Court is authorized to issue the above injunctive relief under the Declaratory Judgment Act.

The party seeking the injunctive relief bears the complete burden of proving all of the relevant factors: (1) likelihood of success on the merits; (2) irreparable harm; (3) the balance of hardships tip in favor of the movant; and (4) the public interest. *See, e.g.*, *Vision-Ease Lens, Inc. v. Essilor Int'l SA*, 322 F. Supp. 2d 991, 992, 994 (D. Minn. 2004) (discussing preliminary injunctive relief). The standard for permanent injunctive relief is basically the same as a preliminary injunction, except a "permanent injunction requires

the moving party to show actual success on the merits." *Oglala Sioux Tribe v. C & W Enters., Inc.*, 542. F.3d 224, 229 (8th Cir. 2008).

In support of their motion, Defendants argue that Plaintiffs continue to assert rights in NUMBER BED in communications with the Patent and Trademark Office, Google, third party competitors, and in a state-court action. Additionally, Defendants argue that they have been irreparably harmed by these continued assertions because the assertions are misrepresentations, injure Defendants in the marketplace, and Defendants should not be expected to relitigate the issue.

Plaintiffs oppose Defendants' motion arguing that the motion is built on a false premise—that the jury verdict finding that Plaintiffs have no trademark rights in the phrase NUMBER BED precludes Plaintiffs from enforcing their rights in the SLEEP NUMBER mark. Plaintiffs again stress that their claim for trademark infringement is based on the SLEEP NUMBER mark, not NUMBER BED. Plaintiffs argue that Defendants have failed to establish the necessary factors to warrant a permanent injunction. In particular, Plaintiffs submit that Defendants have not succeeded on the merits of the issue of whether their Number Bed Advertising infringes the SLEEP NUMBER trademark, Defendants cannot demonstrate the threat of irreparable harm, and the balance of equities and public interest do not favor an injunction.

After careful consideration, the Court finds that Defendants have failed to meet their burden. First, for reasons discussed more fully above, the question of whether certain advertisements, including some that use the words NUMBER BED cause a likelihood of confusion with Plaintiffs' SLEEP NUMBER mark remains to be

determined by the jury in a new trial. Therefore, any motion for permanent injunction on that point is premature. Second, with respect to the requested injunctive relief pertaining to Plaintiffs' ownership, and in particular, the assertion of ownership rights in the mark NUMBER BED, is also denied. The jury determined that Plaintiffs do not have trademark rights in the phrase NUMBER BED. Defendants assert that after the jury's verdict, Plaintiffs have made representations that they own trademark rights in NUMBER BED. However, it appears that most of the cited examples of such representations show instances where Plaintiffs have alleged that the use of NUMBER BED is confusingly similar to the SLEEP NUMBER mark. Again, as explained above, that issue will be decided by a jury. In addition, the Court finds that Defendants have not demonstrated irreparable harm or that the balance of equities or public interest favor injunctive relief. For these reasons, the Court denies Defendants' motion for a permanent injunction.[9]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Plaintiffs' Motion for Partial Summary Judgment (Doc. No. [742]) is **DENIED**.

2.     Defendants' Motion for Partial Summary Judgment (Doc. No. [748]) is **DENIED**.

---

[9]     The Court does not reach or make any determination with respect to the alternative arguments for or against injunctive relief.

3.     Defendants' Motion for a Permanent Injunction (Doc. No. [754]) is

**DENIED**.


Dated:  July 26, 2022                         s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge