UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Select Comfort Corporation; and
Select Comfort SC Corporation,

        Plaintiffs,

v.

John Baxter; Dires, LLC d/b/a
Personal Touch Beds and Personal Comfort
Beds; Scott Stenzel; and Craig Miller,

        Defendants.

Civil No. 12-2899 (DWF/TNL)

MEMORANDUM
OPINION AND ORDER

## INTRODUCTION

This matter is before the Court on a Motion for Bench Trial brought by Plaintiffs Select Comfort Corporation and Select Comfort SC Corporation (together, "Sleep Number")[1] (Doc. No. 786). For the reasons set forth below, the Court denies the motion.

## BACKGROUND

The factual and procedural background of this litigation is set forth in prior orders and will not be repeated extensively here. In summary, Sleep Number brought claims against Defendants for trademark infringement, trademark dilution, false advertising, unfair competition, and under various state-laws based on Defendants' Number Bed Advertising and other statements made to consumers. Sleep Number sought both

---

[1] Select Comfort Corporation has changed its name to Sleep Number. The Court refers to Select Comfort as Sleep Number. In doing so, the Court does not suggest that the reference carries any legal implications.

damages and a permanent injunction.  (Doc. No. 53 ("Sec. Am. Compl.") at 1, 32-33.) Defendants asserted counterclaims, including a claim for declaratory relief that Sleep Number does not have trademark rights in the phrase NUMBER BED.  (Doc. No. 60 ("Ans. at Countercl."), Count 1.)  Defendants did not seek damages.

At trial, Sleep Number sought money damages and demanded a jury trial.  (Sec. Am. Compl. at 33; Doc. No. 575, Verdict at 65.)  Using jury instructions requiring Sleep Number to prove likelihood of confusion at the time of purchase, the jury found that Defendants' advertisements that used the phrase NUMBER BED did not infringe or dilute Sleep Number's trademarks or constitute unfair competition or false advertising (Doc. No. 575 ("Special Verdict") at 2-3, 8, 60).[2]  With respect to Defendants' counterclaim, the jury found that Sleep Number does not have trademark rights in NUMBER BED.  (*Id*. at 66).  The Court denied various post-trial motions and entered final judgment on December 16, 2018.  (Doc. Nos. 702, 703.)

The parties each appealed issues to the Eighth Circuit.  The Eighth Circuit vacated portions of the judgment, affirmed other portions of the judgment, and remanded this case for further proceedings.  *Select Comfort v. Baxter*, 996 F.3d 925, 942 (8th Cir. 2021).  Relevant to this motion, the Eighth Circuit reversed and remanded the judgment as to the trademark infringement claim, remanded the unfair competition claim, remanded certain false advertising statements for a new trial, affirmed the determination

---

[2]    The jury did determine that other statements made by Defendants to potential customers were false.  (*See generally id*. at 10-60.)

on other false advertising statements, and left undisturbed the judgment as to the dilution claim and NUMBER BED counterclaim. *Id.* With respect to the issue of trademark infringement, the Eighth Circuit reversed the Court's summary judgment ruling and jury instructions on the theory of pre-sale, initial interest confusion, remanding for additional findings on infringement and other issues. *Id*. at 937-38.

After remand, Sleep Number moved for summary judgment on its trademark infringement claim based on Defendants' use of the SLEEP NUMBER mark in their advertising, including the use of the phrase NUMBER BED. Defendants cross-moved on the trademark infringement claim and, to the extent that it was remanded, Sleep Number's claim for unfair competition. Defendants also moved for a permanent injunction based on Sleep Number's alleged post-trial statements regarding ownership of the phrase NUMBER BED. In an order dated July 26, 2022, the Court denied the parties' motions. The Court also noted that the issue of whether Defendants' use of NUMBER BED constitutes trademark infringement remains in the case.

This case is again ready for trial and will involve Sleep Number's claims for trademark infringement under the Lanham Act, unfair competition under the Lanham Act, and false advertising under the Lanham Act and state law. Both equitable and monetary remedies are available. *See* 15 U.S.C. §§ 1114, 1116, 1117, 1125(a); and Minn. Stat. §§ 325D.44, 325D.45. There are no remaining counterclaims or fair use affirmative defense. (*See* Doc. No. 789 ("Patton Decl.") ¶ 2, Ex. A.) Sleep Number now represents to the Court that it will seek only equitable relief at trial, including injunctive relief, increased recovery and/or attorney fees, costs of the action, and disgorgement of

3

Defendants' profits. Sleep Number moves for a bench trial, arguing that its election to seek only equitable remedies makes the remaining claims inappropriate for a jury trial.

## DISCUSSION

A right to a trial by jury stems from a statute or the Seventh Amendment to the United States Constitution. Fed. R. Civ. P. 38(a). Under Rule 39, a "trial on all issues so demanded must be by the jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved . . . ." U.S. Const. amend. VII. The Supreme Court has held that the Seventh Amendment requires "a jury trial on the merits in those actions that are analogous to 'Suits at common law.'" *Tull v. United States*, 481 U.S. 412, 417 (1987). "Suits at common law" are suits in which legal rights are to be ascertained and determined, in contrast to suits in which equitable rights alone are recognized, and equitable remedies are administered. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989); *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (holding that "[i]t is settled law that the Seventh Amendment does not apply" in "suits seeking only injunctive relief" or suits seeking only equitable relief).

Courts use a two-prong test to determine whether a party who is seeking to enforce a right is entitled to a jury trial under the Seventh Amendment. *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) (citing *Tull*, 481 U.S. at 417-18). First, courts "compare the statutory action to 18th-century actions brought in

4

the courts of England prior to the merger of the courts of law and equity." *Id.* (quoting *Tull*, 481 U.S. at 417-18). Second, courts "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* The second step carries greater weight. *Id.* Whether a plaintiff is entitled to a jury trial is resolved "by an appraisal of the basic nature of the claims or issues presented, and the type of relief sought." *Klein v. Shell Oil Co.*, 386 F.2d 659, 663 (8th Cir. 1967); *see also In re Vorpahl*, 695 F.2d 318, 322 (8th Cir. 1982) (providing that "[t]he right to a jury trial under the Seventh Amendment depends on the nature of the issue to be tried").

The remaining claims to be tried are those asserted by Sleep Number for trademark infringement (considering that the theory of initial-interest confusion could apply), unfair competition (same consideration), and false advertising claims based on literal falsity. All claims are asserted under the Lanham Act and the false advertising claim under the Lanham Act and state law. Both monetary and equitable remedies are available for the remaining claims, and Sleep Number sought both types of remedy at the first trial. However, Sleep Number now submits that it will seek only equitable relief at the second trial. In particular, Sleep Number asserts that it will seek injunctive relief, statutory increased recovery and attorney fees, costs of the action, and the disgorgement of Defendants' wrongful profits.

While Sleep Number's damages expert, Renee Marino, posits two damages theories (wrongful gains to Defendants and Sleep Number's lost profits), Sleep Number asserts that it will only seek Defendants' wrongful gains at trial. According to Sleep Number, these damages are comprised of two components—Defendants' sales driven by

5

increased website traffic and Defendants' saved advertising costs. As to the former component, Marino submits that Defendants were able to sell over 4,000 beds as a result of their wrongful conduct and calculates that Defendants achieved corresponding profits in the amount of $1,964,809. As to the "saved advertising component," Marino submits that Defendants saved on advertising costs by "slipstreaming" off of Sleep Number's marketing and advertising efforts in the amount of over $13 million, essentially piggybacking off of Sleep Number's advertising that Defendants would otherwise have had to incur to build up their own exposure and visibility. Sleep Number submits that all remedies that it seeks are equitable in nature. Sleep Number further argues that because it seeks only equitable remedies, there should not be a jury trial.

Defendants oppose Sleep Number's motion.[3] Defendants assert that they did not waive the right to a jury trial and argue that the damages pursued by Sleep Number are not merely disgorgement of Defendants' profits. Specifically, Defendants argue that the damages model pursued by Sleep Number seeks to estimate Defendants' profits from gross sales plus an estimation of "saved advertising costs" and that the "saved advertising costs" are not "profits" or "sales" under § 1117(a). In addition, Defendants submit that

---

[3]   Defendants do not dispute that remedies seeking a defendant's profits or the costs of the action are equitable in nature. However, Defendants argue that if Sleep Number seeks "any damages sustained by the plaintiff," a jury trial is required. (*See generally* 15 U.S.C. § 1117(a) (governing monetary recovery for a violation of trademark rights) (subject to the principles of equity, a plaintiff is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action")). Defendants submit that Sleep Number improperly attempts to categorize the alleged "advertising savings" as part of "defendant's profits" to evade the jury-trial requirement.

Sleep Number has not provided support for the argument that a measure of "saved advertising costs" constitutes an appropriate disgorgement of profits and has not provided an example of a case where such relief was awarded as an equitable remedy under the Lanham Act. Indeed, Defendants submit that the case law actually supports the notion that cost savings are a measure of damages, not a defendant's profits. Finally, Defendants contend that even if Sleep Number seeks only disgorgement, it is not entitled to a bench trial because the purported disgorgement is legal in nature and entitle Defendants to a jury trial.[4]

The Court has carefully considered the parties' respective arguments on this motion and finds that the purported disgorgement damages that Sleep Number seeks in this action do not strictly seek disgorgement of Defendants' profits. Instead, the damages model used by Sleep Number's damages expert seeks, in part, a measure of damages that is more accurately characterized as actual damages. In particular, Sleep Number seeks a measure of damages that includes "saved advertising costs." These costs represent costs that Sleep Number contends Defendants saved on advertising. This measure, however, is not merely equitable. Instead, it is a measure of damages sustained by Sleep Number that reflects a measure of Sleep Number's advertising expenditures. While Sleep Number characterizes these damages as a disgorgement measure because they amount to costs that Defendants avoided, the Court is not persuaded that the purported cost savings are a

---

[4] In the alternative, Defendants ask the Court to re-try the case with an advisory jury.

proper measure of Defendants' profits.  Instead, the Court finds that they are more accurately characterized as a measurement of actual damages to Sleep Number, or at a minimum, as a proxy for actual damages.  Thus, the Court concludes that this remedy is legal in nature, making a jury trial appropriate.  For this reason, the Court denies Sleep Number's motion to strike the jury trial.

## CONCLUSION

The Court concludes that the remaining claims seek remedies that are not only equitable in nature and therefore that the claims continue to be appropriately tried to a jury.  Accordingly, the Court denies Sleep Number's motion for a bench trial.  Notwithstanding the Court's decision, given the history and nature of this case, it is surprising that the parties would not agree that a Court trial requiring the Court to make specific findings would serve the best interests of all parties.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Sleep Number's Motion for Bench Trial (Doc. No. [786]) is **DENIED**.

Dated:  January 5, 2023                s/Donovan W. Frank
                                                         DONOVAN W. FRANK
                                                         United States District Judge