UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Select Comfort Corporation and Select
Comfort SC Corporation,

          Plaintiffs,

v.

John Baxter; Dires, LLC d/b/a Personal
Touch Beds and Personal Comfort Beds;
Digi Craft Agency, LLC; Direct
Commerce, LLC d/b/a Personal Touch
Beds; Scott Stenzel; and Craig Miller,

          Defendants.

Civil No. 12-2899 (DWF/TNL)

**MEMORANDUM
OPINION AND ORDER**

This matter came before the Court for a pretrial hearing on May 31, 2023. Except to the extent modified herein the Court incorporates into this Order its prior Motion *in Limine* rulings filed on December 5, 2016 (Doc. No. 510). Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.    Plaintiffs' motion for an order amending the case caption to substitute the two currently-named Plaintiffs (Doc. No. [823]), both of whose names have been changed, with a single Plaintiff: "Sleep Number Corporation," is respectfully **DENIED.** Given the pending jury trial, pursuant to Fed. R. Civ. P. 15 and 25, the Court concludes that this evidence does not survive the Court's Article 4 analysis including Rule 403. In

the event either party wishes to address the case caption and substitution of parties during the trial, the Court will require a Rule 104 offer of proof outside the presence of the jury.

## PLAINTIFFS' MOTIONS *IN LIMINE*

1. Plaintiffs' Motion *in Limine* No. 1 (Doc. No. [838]) is **GRANTED.** Except to the extent modified herein the Court incorporates into this Order its prior Motion *in Limine* rulings filed on December 5, 2016 (Doc. No. 510).

2. Plaintiffs' Motion *in Limine* No. 2 (Doc. No. [847]) that the Court instruct the jury that the "Sleep Number" mark is strong and famous is **GRANTED.** The Court will permit each party to submit a proposed instruction to the Court at the next hearing in this matter. The instruction will be utilized at voir dire and in the preliminary instructions to the jury. Evidence, testimony, and argument at trial attacking the strength or awareness of the "Sleep Number" mark or otherwise contesting that the "Sleep Number" mark is strong and famous is presumptively inadmissible, absent further ruling of the Court. The Court will address at the next hearing the issue of whether the Court will permit the use of the word "incontestable" in any instruction to the jury.

3. Plaintiffs' Motion *in Limine* No. 3 (Doc. No. [848]) for an order that actual confusion has amply been established and that Defendants are precluded from contesting the actual confusion is **DENIED.** Such evidence is presumptively inadmissible absent further ruling of the Court.

4. Plaintiffs' Motion *in Limine* No. 4 (Doc. No. [849]) to exclude Defendants from conducting a bed demonstration similar to the first trial is respectfully **DENIED.** The Court will also permit "Sleep Number" to do a bed demonstration if they so choose.

Finally, the Court will address any limitations by way of a Rule 104 offer of proof on whether the testimony should be limited in any way during the bed demonstrations.

5. Plaintiffs' Motion *in Limine* No. 5 (Doc. No. [850]) to exclude evidence and testimony of the prior trial in this case and of other actions between the parties and related allegations is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Any evidence of the procedural history of this case including the prior trial and the Eighth Circuit Decision is presumptively inadmissible. The Court concludes that this evidence does not survive the Court's Article 4 analysis, including Rule 403.

    b. Any evidence of Defendants' antitrust claims and allegations of anti-competitive conduct is presumptively inadmissible. The Court concludes that this evidence does not survive its Article 4 analysis.

    c. Any evidence of other litigation or enforcement actions is presumptively inadmissible. The Court concludes that other litigation or enforcement actions do not survive the Court's Article 4 analysis, including Rule 403.

    d. Assuming proper foundation is laid, evidence of Plaintiffs' cease-and-desist letters to the Defendants is presumptively admissible. The Court concludes this evidence survives its Article 4 analysis.

    e. Defendants' Exhibits 443-460 are presumptively inadmissible. This evidence does not survive the Court's Article 4 analysis.

3

      f.      Plaintiffs' request to prohibit any derogatory, disparaging or pejorative references in regard to "Sleep Number," including anything that suggests "Sleep Number" is anticompetitive or anything that references the financial status of the parties is respectfully **DENIED** as premature. The Court will require both parties to make a Rule 104 offer of proof in the event there is an issue, whether on direct or cross-examination of a witness or an exhibit that relates to this issue.

6.      Plaintiffs' Motion *in Limine* No. 6 (Doc. No. [851]) to exclude evidence, testimony, and argument regarding whether "Sleep Number" has trademark rights in "Number Bed" is **GRANTED.** Specifically, neither party shall make any reference to the prior jury verdict on "Number Bed" or present evidence that "Sleep Number" does not possess trademark rights in "Number Bed," or that "Sleep Number" has trademark rights in "Number Bed." The Court concludes that this evidence does not survive the Court's Article 4 analysis, including Rule 403. Moreover, the key issue for both parties is whether Defendants' use of the phrase "Number Bed" is done in a way that confuses customers and infringes in any way upon "Sleep Number's" mark vis-a-vis whether anyone has trademark rights in the phrase "Number Bed" or whether Defendants' use of the phrase constitutes false advertising.

7.      Plaintiffs' Motion *in Limine* No. 7 (Doc. No. [852]) to exclude evidence, testimony, and argument of fair use or that "Number Bed" is generic or descriptive is **GRANTED.** The Court concludes that this evidence does not survive the Court's

Article 4 analysis, including Rule 403, and relies on the procedural history of the case and the Eighth Circuit's decision.

      8.      Plaintiffs' Motion *in Limine* No. 8 (Doc. No. [853]) to exclude argument, evidence, and testimony regarding lost profits and damages causation is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      Given the fact that Select Comfort has not limited itself to seeking only disgorgement of profits of the Defendants and is seeking damages in the form of its "saved advertising cost" model, the Court finds that there has to be an initial showing of causation as a measure of actual damages. Admittedly, once that is established, it becomes the infringer's burden to prove that any proportion of its total profits may not have been due to the use of the infringing mark. In light of the Court's decision, the Court will address this issue at the next hearing in part as it relates to instructions to the jury, with the necessity of any further rulings of the Court.

      9.      Plaintiffs' Motion *in Limine* No. 9 (Doc. No. [854]) to exclude evidence and testimony postdating the liability and damages period is **GRANTED.** However, in the event either party asserts other evidence, by way of testimony or exhibit, demonstrating that the door has been opened on this issue and that testimony should be received, the Court will require a Rule 104 offer of proof outside of the presence of the jury.

      10.      Plaintiffs' Motion *in Limine* No. 10 (Doc. No. [855]) to allow use of partial call recordings of Defendants' customers is **GRANTED.** The Court has made this ruling

based upon its analysis of Article 4 and in the context of the issues raised by Defendants regarding the Rule of Completeness pursuant to Rule 106.  The Court will require Plaintiffs' counsel to disclose what call recordings of Defendants' customers they will be using at least 6 weeks prior to trial, but the Court's ruling does not require the Plaintiffs to provide the actual clips or portions of the recordings that they will play from the particular customer or customers.  This also survives the Court's Article 4 analysis and the Court's 102 and 106 analyses.

11.     Plaintiffs' Motion *in Limine* No. 11 (Doc. No. [856]) to prohibit any misrepresentation about "Sleep Number's" brand awareness survey and to preclude evidence of awareness of "Number Bed" is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.      Assuming proper foundation is laid, the Court will permit the admission of Defendants' Trial Exhibit 83.  The Court concludes that the admission of Trial Exhibit 83, and the issues related to that based upon the Court's review of the first trial, survives its Article 4 analysis in large part because the evidence goes to weight versus admissibility.  However, the Court will address at the next hearing issues raised by Plaintiffs about direct or cross examination directed at the misrepresentation of the brand awareness survey.  Given the fact that, as the Court noted in its order filed on July 26, 2022 (Doc. No. 775), the key issue is the Defendants' use of the phrase "Number Bed" which is separate and distinct from whether Plaintiffs have trademark rights in "Number Bed" because Plaintiffs do not have trademark rights in "Number Bed."  Consequently, while it

has been determined that Plaintiffs do not have trademark rights in "Number Bed", whether Defendants' use of the phrase in a way that is confusingly similar to Plaintiffs' marks and advertisements remains an open question in the upcoming trial. Plaintiffs' trademark infringement claim encompasses allegations that Defendants used advertisements with phrases that are confusingly similar to the "Sleep Number" mark, including phrases containing the words "Number Bed". The fact that Plaintiffs do not have trademark rights in the phrase "Number Bed" does not preclude a finding that Defendants' use of that term is confusingly similar to the "Sleep Number" mark.

      b.     The Court will address any remaining issues with respect to Defendants' Trial Exhibit 83 and the scope of direct and cross examination at the next hearing in light of the Court's ruling on both Plaintiffs' and Defendants' motions *in limine*.

12.     Plaintiffs' Motion *in Limine* No. 12 (Doc. No. [857]) to preclude improper impeachment evidence is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.     The motion is **GRANTED** to the extent the Court will address any concerns either at the next hearing in this case or requiring a Rule 104 offer of proof during the trial of the Defendants depending upon the request of Plaintiffs to be conducted, of course, outside of the presence of the jury.

      b.     It is **DENIED** to the extent that it is premature and as the Court noted above, the Court will require a Rule 104 offer of proof if there are specific concerns, whether it is related to prior trial testimony, deposition testimony, or

other prior statements, and whether by the witness who is called to the stand or other witnesses, including corporate representatives.

## DEFENDANTS' MOTIONS *IN LIMINE*

1. Defendants' Motion *in Limine* No. 1 (Doc. No. [913]) to preclude Select Comfort from introducing the jury verdict regarding strength and fame of the "Sleep Number" mark is **GRANTED IN PART** and **DENIED IN PART** consistent with the Court's ruling on Plaintiffs' motion *in limine* No. 2. The Court will be instructing the jury that the "Sleep Number" mark is strong and famous but will not be reading the jury verdict or informing the jury that a prior jury has made this finding.

    a. The Court will address at the next hearing, consistent with its Article 4 analysis, the specific language of the instruction to the jury that "Sleep Number" is a strong and famous mark, as well as discuss what evidence or testimony will no longer be needed, or as Defendants say, would be otherwise cumulative.

2. Defendants' Renewed Motion *in Limine* No. 2 (Doc. No. [873]) to admit the Rappeport Survey is respectfully **DENIED** consistent with the Court's ruling in the first trial. The Court concluded and continues to conclude that the Rappeport Report itself is presumptively inadmissible pursuant to its Article 4 analysis; however, the facts of the survey are presumptively admissible based upon the Court's Article 4 analysis, assuming the proper foundation for the facts of the survey are established.

3. Defendants' Renewed Motion *in Limine* No. 3 (Doc. No. [877]) to exclude documents containing Defendants' internal communications regarding conversations with

8

consumers is respectfully **DENIED** consistent with the Court's ruling in the first trial (Doc. No. 510 at 7).

4.     Defendants' Motion *in Limine* No. 4 (Doc. No. [916]) to exclude Plaintiffs' secondary meaning survey expert Sarah Butler is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.     The Court will not permit the use of the word or phrase "secondary meaning" by Sarah Butler.

    b.     However, the way in which Defendants used "Number Bed" is relevant to the issue of confusion and the unfair competition and trademark infringement claims. Specifically, whether Defendants' use of the phrase "Number Bed" is to remain a part of "Sleep Number's" claims survives the Court's Article 4 analysis.

5.     Defendants' Renewed Motion *in Limine* No. 5 (Doc. No. [881]) to establish the relevancy of Plaintiffs' enforcement actions is respectfully **DENIED** consistent with the Court's earlier ruling except for the cease-and-desist letters sent to the Defendants. The Court has previously ruled and continues to rule that any evidence of other litigation or enforcement actions is presumptively inadmissible. The Court continues to conclude that other litigation or enforcement actions do not survive the Court's Article 4 analysis, including Rule 403.

6.     Defendants' Renewed Motion *in Limine* No. 6 (Doc. No. [885]) to bar Plaintiffs' use of "incontestable" is respectfully **DENIED** as premature. The issue will

be addressed at the next hearing in this matter consistent the Court's ruling in Plaintiffs' motion *in limine* No. 2.

7. Defendants' Motion *in Limine* No. 7 (Doc. No. [889]) to admit Defendants' Rule 1006 charts and related exhibits is **DENIED** as premature. The Court will address this issue at the next hearing, including exhibits related to the Defendants' motion. Once the Court has made an additional ruling at the next hearing, it is likely the Court will permit a Rule 104 offer of proof on the admission of summary charts under Rule 1006 during the trial.

8. Defendants' Motion *in Limine* No. 8 (Doc. No. [919]) to exclude prior acts of Scott Stenzel is **GRANTED IN PART** and **DENIED IN PART** as follows consistent with the Court's ruling during the first trial:

   a. Plaintiffs will not be allowed to reference or submit evidence of bankruptcy, and Plaintiffs' Trial Exhibit 663 (October 22, 2012 email) is excluded, on Rule 403 grounds.

   b. All other evidence is presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis including Rule 403.

9. Defendants' Renewed Motion *in Limine* No. 9 (Doc. No. [893]) to exclude testimony and evidence related to MattressQuote or MattressQuote.com is **DENIED.** Such evidence, consistent with the Court's ruling during the first trial, is presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

10. Defendants' Renewed Motion *in Limine* No. 10 (Doc. No. [897]) to exclude testimony and evidence related to Zero Gravity is **DENIED.** Such evidence is presumptively admissible, assuming proper foundation is laid under the Court's Article 4 analysis, including Rule 403.

11. Defendants' Motion *in Limine* No. 11 (Doc. No. [922]) to exclude or limit reference to Defendants' use of pseudonyms is **DENIED.** Such evidence is presumptively admissible, assuming proper foundation is laid under the Court's Article 4 analysis, including Rule 403.

12. Defendants' Renewed Motion *in Limine* No. 12 (Doc. No. [901]) to exclude evidence of liability insurance is **DENIED** as premature. However, no reference to liability insurance will be permitted unless the "door is opened" and Plaintiffs first approach the Court and make a Rule 104 offer of proof.

13. Defendants' Motion *in Limine* No. 13 (Doc. No. [926]) to exclude testimony of Plaintiffs' secret shoppers is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Such evidence is presumptively admissible, assuming proper foundation is laid, under the Court's Article 4 analysis, including Rule 403.

   b. However, neither party has offered secret shoppers as trial witnesses. In the event that either party wishes to address the existence or issue of secret shoppers with direct or cross examination of a witness, or the secret shoppers program, a Rule 104 offer of proof must be made to the Court outside the presence of the jury. Plaintiffs have indicated they do not intend to submit secret shopper

11

evidence at trial, but the issue did come up with respect to the secret shopper program in the first trial which the Court will not permit as noted absent a Rule 104 offer of proof.

14. Defendants' Renewed Motion *in Limine* No. 14 (Doc. No. [929]) to exclude expert's testimony and reports regarding surveys conducted by others is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Assuming proper foundation is laid, the facts of the survey evidence are presumptively admissible if they survive the Court's Article 7 analysis, including Rule 703. Whether a Rule 104 offer of proof will be necessary prior to an inquiry on direct or cross examination of such a survey will be addressed at the time of trial.

    b. The expert reports themselves, however, are inadmissible.

15. Defendants' Motion *in Limine* No. 15 (Doc. No. [932]) to exclude spreadsheets identifying Defendants allegedly infringing and/or false online advertisements is **DENIED.** Assuming proper foundation is laid, such spreadsheets will be presumptively admissible under the Court's Article 4 analysis, including Rule 403. However, given the issue raised by Defendants with respect to Plaintiffs' Exhibit 990(1)(2), in addition to Plaintiffs' concern about Defendants' cross examination of "Sleep Number's" witness in the first trial about the way the interrogatory was prepared, the Court is willing to address this issue at the next hearing in this matter or a Rule 104 offer of proof at trial.

16. Defendants' Renewed Motion *in Limine* No. 16 (Doc. No. [948]) to exclude testimony and evidence related to Defendants that have defaulted is **GRANTED.** However, consistent with the Court's ruling during the first trial, the Court allowed evidence related to the conduct of John Baxter and Scott Stenzel while operating the defaulted Defendants because the Court found that it was relevant to their potential individual liability, which remains an issue in the upcoming trial. The Court will not permit Plaintiffs to offer evidence that certain Defendants defaulted and that was not offered or admitted in the first trial either. In so ruling, the Court also reviewed the Joint Statement of the Case and the requests and objections of each party. The Court's ruling survives its Article 4 analysis, including Rule 403.

17. Defendants' Motion *in Limine* No. 17 (Doc. No. [935]) to admit the jury's verdict that Select Comfort has no rights in "Number Bed" and precludes Select Comfort from arguing it has rights in "Number Bed" is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Court **DENIES** the motion to the extent that it will not permit any reference to the jury verdict or use of the phrase "no rights in Number Bed." The Court finds that pursuant to its Article 4 analysis, the phrase of no trademark rights or no rights in "Number Bed" does not pass its Article 4 analysis, including Rule 403.

    b. However, Plaintiffs cannot claim that it has rights in "Number Bed" and cannot refer to "secondary meaning" in "Number Bed" at the upcoming trial. As the Court has noted in its previous summary judgment order (Doc. No. 775),

13

the issue before the jury will be the way in which the Defendants **use** the phrase "Number Bed."

18. Defendants' Motion *in Limine* No. 18 (Doc. No. [938]) to exclude the testimony of Plaintiffs' damages expert, Renee Marino is **DENIED** consistent with the Court's ruling in the first trial (Doc. No. 332 at 11-16). However, given the issues relating to the scope of remand and the damages now alleged by Plaintiffs, the Court will address any remaining issues with respect to Renee Marino at the next hearing in this case. To the extent that Plaintiffs have suggested that the Court should not and cannot consider this as a strictly *Daubert* matter given the dispositive motion nature of the case, given the procedural history of the case and the issues now before the Court, that is respectfully **DENIED.**

19. Defendants' Motion *in Limine* No. 19 (Doc. No. [941]) to exclude previously alleged false statements on which Defendants prevailed during the first trial is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Given the assertion by both parties in their respective memoranda to the Court and the asserted probative value that Plaintiffs assert on "admittedly false statements" as relates to the confusion factors and, given the effect of these on the potential change in the jury instructions and verdict forms, the Court will address the specifics of this motion at the next hearing of the Court.

20. Defendants' Motion *in Limine* No. 20 (Doc. No. [951]) to exclude Plaintiffs' late-disclosed witness David Jordan-Huffman is provisionally **DENIED,** which the Court will explain.

The Court would like to know at the next hearing prior to trial whether Heather Somers has been asked to testify and has refused to participate in any capacity in this trial.  Secondly, in the event the Court permits David Jordan-Huffman to testify, the Plaintiffs shall make David Jordan-Huffman available for a deposition prior to trial, even though the Court will not be continuing the trial, and the Court assumes that both parties are aware that the prior testimony of Heather Somers will be available to both parties. Consequently, in the event there is an issue regarding what either party intends to offer or not offer with respect to Heather Somers's trial testimony or deposition testimony, that issue can be addressed at the next hearing as well.

## EXHIBIT ISSUES

In light of the Court's order on the parties' motions *in limine,* the Court will address at the next hearing any remaining issues on the admissibility of exhibits.

Dated:  June 16, 2023            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge